JOHN R. SOMMER (SBN 106355)
ATTORNEY-AT-LAW
17426 Daimler St.
Irvine, CA 92614
(949) 752-5344, Fax: (949) 752-5439

Attorneys for Plaintiff STUSSY, INC.

TIM C. HALE (SBN 114905)
HALE & ASSOCIATES
2625 24th St., #3
San Francisco, CA 94110
Tel: (650) 444-2239; Fax: (415) 824-1306

Attorneys for Defendant KARMALOOP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| STUSSY, INC., <br><br> Plaintiff, <br><br> v. <br><br> KARMALOOP, INC., <br><br> Defendant. | CASE NO. SACV 09-1444 CJC (RNBx) <br><br> [PROPOSED] **STIPULATED PROTECTIVE ORDER** |

Based upon the parties' Certification Regarding Good Cause and other matters considered by the Court, it appears to the satisfaction of the Court that this is a proper case for issuance of a protective order, pursuant to Rule 26 of the Federal Rules of Civil Procedure, in order to protect any and all private, privileged or confidential information of the parties hereto, as well as the same of any third-party witnesses.

Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in accordance with the stipulation of the Parties to this action, and for good cause shown,

PROTECTIVE ORDER

1 **IT IS HEREBY ORDERED** as follows:

2 During this action, with respect to any information, testimony, documents, or
3 things obtained by any Party to this action in response to any discovery where such
4 items are asserted to contain or comprise any trade secret, confidential, private,
5 privileged or proprietary information, the following procedures shall be employed
6 and the following restrictions shall govern:

## DEFINITIONS

8 1. Party or Parties: The terms "Party" and/or "Parties," as referred to
9 herein, means any of the parties to this action including any officers, directors,
10 employees, and/or agents.

11 2. Third-Party Witness: The term "Third-Party Witness," as referred to
12 herein, means any third party from whom discovery is sought by way of a
13 subpoena by any Party to this action.

14 3. Discovery Material: The term "Discovery Material," as referred to
15 herein, means any information, testimony, document or tangible thing, or response
16 to any discovery request provided by any Party to this action or any Third-Party
17 Witness.

## PROCEDURES AND RESTRICTIONS

19 4. Any Party that produces any Discovery Material in this action and has
20 a reasonable basis for claiming that such Discovery Material includes or constitutes
21 confidential and/or proprietary information may designate such Discovery Material
22 as "Confidential" or "Confidential-Attorneys' Eyes Only." All Parties to this
23 action acknowledge and agree that a good-faith attempt shall be made to limit the
24 amount of Discovery Material designated as "Confidential" or "Confidential-
25 Attorneys' Eyes Only." Discovery materials shall be designated "Confidential"
26 only if such material is non-public and there is a reasonable and good-faith belief
27 that such information, if disclosed to the public, is likely to cause actual harm to
28 the designating party's business or competitive position. Discovery materials shall

be designated as "Confidential-Attorneys' Eyes Only" only if such material is non-public and there is a reasonable and good-faith belief that such information, if disclosed to the other Party and/or the public, is likely to cause actual and material harm to the designating party's business or competitive position.

      a. For documents, materials, or other written Discovery Material, a Party shall designate such as "Confidential" or "Confidential-Attorneys' Eyes Only" by stamping each page or item containing any proprietary and/or confidential information as "Confidential" or "Confidential-Attorneys' Eyes Only."

      b. For testimony, a Party shall designate such Discovery Material as "Confidential" or "Confidential-Attorneys' Eyes Only" on the record. Such Party must require the reporter to separately bind and label as "Confidential" or "Confidential-Attorneys' Eyes Only" any portions of the transcript containing any such testimony.

      c. For Discovery Material maintained in computer readable or other electronic media such as diskettes, a Party shall designate such as "Confidential" or "Confidential-Attorneys' Eyes Only" by submitting along with the Discovery Material a written statement that it is "Confidential" or "Confidential-Attorneys' Eyes Only." In the event any Party generates a "hard copy" or printout from any such protected, proprietary, or confidential material produced on computer readable or other electronic media, such shall also be considered "Confidential" or "Confidential-Attorneys' Eyes Only" and shall be marked as such by stamping each page containing any proprietary and/or confidential information, to the extent practical.

      5. A Party's inadvertent or unintentional failure to designate any Discovery Material as "Confidential" or "Confidential-Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of that Party's claim of confidentiality, if the disclosing Party takes prompt action after discovering such omission to

1  notify all Parties in writing that such Discovery Material includes and/or
2  constitutes Confidential Information.

3      6. The Parties shall use any Discovery Material designated as
4  "Confidential" or "Confidential-Attorneys' Eyes Only" solely for purposes of this
5  action or any appeals thereon and shall not thereafter disclose or otherwise utilize
6  any such information for any other purposes whatsoever.  Nothing in this Order
7  shall be construed as authorizing a party to disobey a lawful subpoena issued in
8  another action.

9      7. The Parties may use any Discovery Material designated as
10 "Confidential" or "Confidential-Attorneys' Eyes Only" in discovery responses,
11 motions, briefs, pleadings, exhibits, depositions, and/or at trial in this action.  In
12 accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain
13 information and/or documents that have been designated as "Confidential" or
14 "Confidential—Attorneys' Eyes Only," the proposed filing shall be accompanied
15 by an application to file the papers or the portion thereof containing the designated
16 information or documents (if such portion is segregable) under seal; and the
17 application shall be directed to the judge to whom the papers are directed.  For
18 motions, the parties shall publicly file a redacted version of the motion and
19 supporting papers.

20     8. Except as provided in Paragraphs 4 and 7 above, or as otherwise
21 agreed by the producing Party, the Parties shall not disclose any Discovery
22 Material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" to
23 anyone other than a "Qualified Person."

24     a. As used in this Protective Order, the term "Qualified Person"
25 refers to (i) a limited number of officers, directors, and employees of the Parties to
26 this action, not to exceed three without reasonable cause; (ii) attorneys for a Party,
27 and employees of such attorneys, for purposes of assisting in this action; and
28 (iii) independent expert witnesses or consultants employed by a Party or its

attorneys of record, for purposes of assisting in this action. However, with respect to "Confidential-Attorneys' Eyes Only," materials, "Qualified Person" shall exclude the persons listed in Paragraph 8(a)(i).

   b. Prior to disclosing any Discovery Material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" to any Qualified Person other than the Court or court personnel, a Party's attorneys and/or employees of such attorneys, a Party shall provide a copy of this Protective Order to such Qualified Person and shall obtain such person's written agreement, in the form attached as Exhibit A, to comply with the terms of this Protective Order. No Qualified Person shall: (i) use any such Discovery Material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" for any purpose other than in connection with this action; or (ii) disclose any such Discovery Material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" to anyone other than a Qualified Person who has agreed in writing, in the form attached as Exhibit A, to comply with the terms of this Protective Order.

   c. Additionally, prior to a Party disclosing any Discovery Material to any independent expert witness or consultant, if such independent expert witness or consultant is an industry competitor of the other Party, the disclosing Party shall inform all other parties in writing, at least ten (10) days in advance, of such intended disclosure. Such written notice shall identify each such independent expert witness or expert, by name, along with a brief description of their area of expertise.

   d. If any Party objects to disclosure to any such independent expert witness or consultant, such Party must provide written notice of such objection to all parties within said ten (10) day period, along with the basis of such objection. Thereafter, the Parties shall attempt to resolve any dispute. However, in no event shall the Discovery Material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" be disclosed to any such independent expert

PROTECTIVE ORDER

5

1  witness or consultant until and unless the Parties are able to resolve the dispute
2  and/or the Court order such disclosure pursuant to a noticed Discovery Motion.
3        e.    This Protective Order shall not prohibit any disclosure of
4  Discovery Material designated as "Confidential" or "Confidential-Attorneys' Eyes
5  Only" as may be required by law to persons other than Qualified Persons, upon
6  reasonable prior written notice to all other Parties.
7      9.  At the conclusion of this litigation, whether by trial or by settlement,
8  all Discovery Material designated as "Confidential" or "Confidential-Attorneys'
9  Eyes Only," including any copies thereof, shall either be returned to the producing
10 Party or destroyed.  However, the conclusion of this litigation shall not relieve any
11 person to whom such information has been disclosed from the requirements of this
12 Protective Order.
13     10. If at any time during the pendency or trial of this action, any Party
14 claims that another Party has unreasonably designated any Discovery Material as
15 "Confidential" or "Confidential-Attorneys' Eyes Only," the objecting Party shall
16 notify the designating Party in writing.  The designating Party shall then have ten
17 (10) days from the date of receipt of such notice to advise all other Parties as to
18 whether or not the designation will remain.  After a good-faith attempt to resolve
19 the dispute, any Party still objecting to the designation of any Discovery Material
20 as "Confidential" or "Confidential-Attorneys' Eyes Only" may make an
21 appropriate motion to this Court in full compliance with Local Rules 37-1 and 37-
22 2, including but not limited to the filing of a joint stipulation concerning the
23 matters in dispute, and requesting that the specifically identified information be
24 redesignated or excluded from the provisions of this Protective Order.  Until such
25 time as this Court may order otherwise, any such information shall continue to be
26 treated as designated and subject to the provisions of this Protective Order.
27     11. Notwithstanding any other provision hereof, this Protective Order
28 shall not apply to any Discovery Material, whether designated as "Confidential" or

PROTECTIVE ORDER
6

PROTECTIVE ORDER
6

1  "Confidential-Attorneys' Eyes Only," that (a) is or becomes generally available to
2  the public from a source other than unauthorized disclosure by the Parties or their
3  counsel, or (b) becomes available to the Parties or their counsel on a non-
4  confidential basis from a source other than the Parties or their counsel.
5      12. Nothing in this Protective Order shall be deemed to preclude any
6  Party from obtaining from the Court, on an appropriate showing, additional
7  protection or less protection with respect to the confidentiality of any Discovery
8  Material produced in discovery in this action, or any other modification of this
9  Order.  The entry of this Protective Order shall neither constitute, nor be used as a
10  basis for, a finding that any Party has waived any objections that it may have to the
11  use, relevance, or admissibility of any Discovery Material.
12      13. This Protective Order shall remain in effect until modified,
13  superseded, or terminated by written consent of all Parties to this action as
14  approved by the Court or by further order of this Court.
15  **IT IS SO ORDERED.**

17  Dated: _February 25, 2010_____
18  **IT IS SO STIPULATED.**     Hon. Robert N. Block

20  DATED:  February 25, 2010     JOHN R. SOMMER
                                  ATTORNEY-AT-LAW

21                                By: _____/s/ John R. Sommer_____
22                                        John R. Sommer
                                  Attorneys for Plaintiff STUSSY, INC.

24  DATED:  February 25, 2010     TIM C. HALE
                                  HALE & ASSOCIATES
25
26                                By: _____/s/ Tim C. Hale_____
                                         Tim C. Hale
27                                Attorneys for Defendant KARMALOOP, INC.
28

PROTECTIVE ORDER
7

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

I, the undersigned, acknowledge that I have read the Stipulated Protective Order and Order entered in the United States District Court for the Central District of California on _____, 2010, in Stussy, Inc. v. Karmaloop, Inc., Case No: SACV 09-1444 CRC (RJBx), and understand the terms thereof, and agree to be bound by such terms. I shall not disclose documents or information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order except as may be specifically permitted by such Order and will use the documents solely for purposes of this litigation in accordance with such Order.

Dated: _____       _____

                                                                 (signature)

                                                       _____

                                                                 (print name)